Alvin Hawkins, J.,
delivered the opinion of the Court.
The plaintiff in error was indicted in the Circuit Court of Gibson County, under the Act of May 17, 1865, at its March Term, 1869, for stealing a mule.
*358 At the November Term following, he was arraigned, plead not guilty, and put upon his trial.
The jury rendered a verdict of guilty, and fixed his term of imprisonment in the penitentiary at the period of ten years.
Motions for a new trial and in arrest of judgment were entered and overruled, and judgment pronounced upon the verdict.
To reverse which judgment an appeal has been prosecuted to this Court.
In impanelling the jury the Court allowed the State to challenge, peremptorily, eleven jurors; and after the defendant had peremptorily challenged thirty-three jurors, a juror was presented to the defendant, and challenged by him. The Court announced the defendant had exhausted his challenges, and ordered the juror to take his seat. To all of which the defendant objected.
The action of the Court was clearly erroneous.
Section 4014 of the Code, provides that, in the trial of all criminal prosecutions above the grade of petit larceny, the State is entitled to ten peremptory challenges, and the defendant, if the charge is of felony punishable with death, to thirty-five challenges.
Prior to the Act of the Legislature, of May 17, 1865, chap. 5, p. 20, the offense with which the plaintiff in error is charged, was punishable only by imprisonment in the penitentiary; but by the first section of that Act, it is provided “that whoever shall feloniously take or steal any horse, mule or ass, shall, on conviction thereof, suffer death by hanging; provided, the jury before whom the offense is tried, shall, if they think *359 proper, commute the punishment tb imprisonment in the penitentiary for the period of not less than ten, nor more than twenty years.”
By this statute, it is declared that whoever is convicted of the offense with which the plaintiff in error is charged, “shall suffer death by hanging;” and in such cases, the State is entitled to only ten peremptory challenges, and the accused is entitled to thirty-five, under the provisions of section 4014 of the Code.
Other errors have been assigned in argument, which it is unnecessary to discuss.
The judgment will be reversed, and the cause re- . manded.